# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| **G4S TECHNOLOGY, LLC, a Delaware limited liability company;** | |
| **Plaintiff,** | **8:17CV182** |
| **vs.** | **MEMORANDUM AND ORDER** |
| **WCC CABLE, INC., a Virginia corporation; and IRONSHORE INDEMNITY, INC., a Minnesota corporation;** | |
| **Defendants.** | |

This matter is before the Court on the Motion to Dismiss, ECF No. 6, filed by Defendants WCC Cable, Inc., and Ironshore Indemnity, Inc. (Defendants). For the reasons stated below, the motion will be granted in part, and the case will be transferred to the United States District Court for the Western District of Virginia.

## BACKGROUND

The following facts are those alleged in the Complaint, ECF No. 1-1, Page ID 6–9, and assumed true for purposes of the Motions to Dismiss.

Plaintiff G4S Technology LLC (G4S) is a Delaware limited liability corporation with its principal office located in Omaha, Nebraska. *Id.* ¶ 1, Page ID 6. WCC Cable, Inc. (WCC), is a Virginia corporation with its principal office located in Fredericksburg, Virginia. *Id.* ¶ 2. Ironshore Indemnity, Inc. (Ironshore), is a Minnesota corporation with its principal office in New York, New York. *Id.* ¶ 3. In September of 2014, G4S entered into a subcontract agreement (the Subcontract) with WCC to perform work related to the I-64 Active Traffic and Safety Management System Project (the Project), located in

Afton, Virginia.  *Id.* ¶ 6, Page ID 7.  Section 37 of the Subcontract stated that any "dispute arising . . . from this Subcontract shall be resolved solely and exclusively in a state or federal court located in Douglas County, Nebraska.  *Id.* ¶ 8.  As required by the Subcontract, WCC obtained a performance and payment bond from Ironshore.  *Id.* ¶ 7.

G4S alleges that WCC failed to meet the Project schedule and failed to perform in accordance with the terms of the Subcontract.  As a result, G4S sent WCC a formal notice to cure (Notice to Cure).  *Id.* ¶ 9.  On September 25, 2015, G4S sent Defendants a formal notice of default and claim against the bond, due to WCC's failure to remedy the deficiencies in performance described in the Notice to Cure.  *Id.* ¶ 10, Page ID 8.  Due to WCC's failure to perform under the Subcontract, G4S had to hire a supplemental subcontractor and incurred liquidated damages imposed by the owner of the Project.  *Id.* ¶¶ 11–13.

On March 6, 2017, G4S filed this action in the District Court of Douglas County, Nebraska, asserting two claims for breach of contract.  *Id.* ¶¶ 15–20, Page ID 13–14.  Defendants removed the action to this Court and filed the present motion, seeking dismissal pursuant to Federal Rule of Civil Procedure 12(b)(2) and (3).  Because the Court will grant the motion due to improper venue under Rule 12(b)(3), it will not analyze the issue of personal jurisdiction under Rule 12(b)(2).

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(3) permits a party to raise the defense of "improper venue" by motion.  "[V]enue of all civil actions brought in district courts of the United States" is governed by 28 U.S.C. § 1391, which states:

A civil action may be brought in—

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

Venue is proper in "any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action" only "if there is no district in which an action may otherwise be brought as provided in" § 1391. Therefore, the fact that a defendant is subject to personal jurisdiction in Nebraska does not make a Nebraska court a proper venue unless there is no other district in which this action may have been brought. This means that the Court must determine whether venue is appropriate under subsections (1) and (2) of § 1391(b) before looking to subsection (3) to determine if venue is proper.

With respect to § 1391(b)(1), the venue statute provides that a "natural person . . . [is] deemed to reside in the judicial district in which that person is domiciled," and "an entity with the capacity to sue and be sued . . . [is] deemed to reside, if a defendant, in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question." *Id.* § 1391(c)(1), (2). "If natural persons are involved, it is their residence at the time the action is commenced, not when the claim arose, that is decisive in ascertaining the propriety of federal venue." 14D Charles Alan Wright et al., *Federal Practice and Procedure* § 3805 (3d ed. 2012). The time the claim arose is decisive in ascertaining the propriety of venue when an

entity is involved.  *Great Am. Ins. Co. v. Lesser Enters., Inc.*, 353 F.2d 997, 1001 (8th Cir. 1965).

With respect to § 1391(b)(2), "[t]he statute does not posit a single appropriate district for venue; venue may be proper in any of a number of districts, provided only that a substantial part of the events giving rise to the claim occurred there," *Woodke v. Dahm*, 70 F.3d 983, 985 (8th Cir. 1995) (citing *Setco Ents. Corp. v. Robbins*, 19 F.3d 1278, 1281 (8th Cir. 1994)), or that "a substantial part of property that is the subject of the action is situated" there.  28 U.S.C. § 1391(b)(2).  The question is not which is the "best" venue, but "whether the district the plaintiff chose had a substantial connection to the claim, whether or not other forums had greater contacts."  *Pecoraro v. Sky Ranch for Boys, Inc.*, 340 F.3d 558, 563 (8th Cir. 2003) (citing *Setco*, 19 F.3d at 1281).

## DISCUSSION

Defendants move for dismissal of this action because venue is improper under § 1391.  G4S admits that venue is not proper in Nebraska under § 1391.  Opp. Brief, ECF No. 11, Page ID 129.  Yet G4S argues that the Court should allow the case to remain due to Section 37 of the Subcontract.

The presence of a forum-selection clause has no bearing on the propriety of venue.  *In re Union Elec. Co.*, 787 F.3d 903, 906 (8th Cir. 2015) (citing *Atl. Marine Constr. Co. v. U.S. Dist. Ct. for the W. Dist. of Tex.*, ___ U.S. ___, 134 S. Ct. 568, 583 (2013)) ("[A] forum-selection clause [can] not factor into an analysis under Rule 12(b)(3) . . . .").  In *Atlantic Marine*, the U.S. Supreme Court carefully distinguished between questions of venue, which must be resolved according to § 1391, and enforcement of forum-selection clauses, which are to be analyzed under 28 U.S.C.

§ 1404(a).[1] *Id.* (quoting *Atl. Marine*, 134 S.Ct. at 577) (internal quotation marks omitted) ("Whether venue is wrong or improper depends exclusively on whether the court in which the case was brought satisfies the requirements of federal venue laws, and those provisions say nothing about a forum-selection clause."). Thus, if a court determines that venue is improper, it must dismiss or transfer the case pursuant to § 1406(a)[2] without ever considering the forum selection clause. *See Atl. Marine*, 134 S. Ct. at 577.

G4S argues that *Atlantic Marine* is distinguishable, because the case addressed only whether an action that was filed in a proper venue should be dismissed because the parties agreed in a forum-selection clause to litigate in a different court. *Atl. Marine*, 134 S. Ct. at 576–77. However, the Supreme Court's interpretation of § 1391 squarely applies to the present case. *See Atl. Marine*, 134 S. Ct. at 577 ("Whether the parties entered into a contract containing a forum-selection clause has no bearing on whether a case falls into one of the categories of cases listed in § 1391(b)."); *id.* at 578 ("The structure of the federal venue provisions confirms that they alone define whether venue exists in a given forum.").

This conclusion comports with the interpretation of *Atlantic Marine* by the U.S. Court of Appeals for the Eighth Circuit. In *Union Electric*, that court stated, "the propriety of venue . . . is to be determined 'exclusively' as a matter of statutory interpretation." 787 F.3d at 906 (quoting *Atl. Marine*, 134 S. Ct. at 577). Several district courts that have examined the issue have held similarly. *See Howmedica*

---

[1] 28 U.S.C. § 1404(a) states "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."

[2] 28 U.S.C. § 1406(a) states "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."

*Osteonics Corp. v. DJO Glob., Inc.*, No. CV 16-2330, 2017 WL 1136671, at *3 (D.N.J. Mar. 27, 2017) (citing *Zaretsky v. Gemological Inst. of Am., Inc.*, No. 13-3807, 2014 WL 683983, at *1–2 (D.N.J. Feb. 20, 2014); *Corp. Air, LLC v. Davis*, No. 13-729, 2014 WL 516582, at *1–2 (W.D. Pa. Feb. 7, 2014); *Prosperity Bank v. Balboa Music Festival, LLC*, No. 13-288, 2014 WL 1023935, at *2–3 (S.D. Tex. Mar. 13, 2014)).

G4S relies on *Servpro Indus., Inc. v. JP Penn Restoration Servs.*, No. 3-16-0298, 2016 WL 5109947 (M.D. Tenn. Sept. 20, 2016), in which the court, citing *Atlantic Marine*'s preference for enforcement of forum-selection clauses, denied a motion to dismiss or transfer for improper venue. *Id.* at *2–4 (citing *Atl. Marine*, 134 S. Ct. at 577). That court found that although venue was improper under § 1391, defendants had waived their objection to venue in a forum-selection clause. *Id.*

The Subcontract is distinguishable from the forum-selection clause in *Servpro.* There, the relevant language, in addition to a covenant to file in a specific court, included an explicit waiver by both parties of any objection to venue. *Id.* at *1; *see also BMO Harris Bank, N.A. v. McM, Inc.*, No. CV 17-335 (DWF/KMM), 2017 WL 3443238, at *1–4 (D. Minn. Aug. 8, 2017) (citing *Servpro*) (denying motion to transfer for improper venue due to the presence of explicit contractual language waiving venue objections). No explicit waiver language was discussed in *Howmedica*, or any of its cited cases, and GS4 has not identified any such language in the Subcontract. An application of *Servpro*'s holding in situations where there is no express waiver of objections to venue would allow virtually all forum-selection clauses to override the § 1391 venue analysis— precisely what *Atlantic Marine* prohibits.

Defendants note that a case is already pending between WCC and G4S in the U.S. District Court for the Western District of Virginia, and Defendants suggest that dismissal of this action is proper, rather than a transfer of the case. Reply Brief, ECF No. 13, Page ID 198. However, it is not clear whether the Virginia case is identical to the action at bar. *Id.* Transfer, not dismissal, is the preferred action under § 1406(a) absent exceptional circumstances. *See* Charles Alan Wright et al., 14D *Federal Practice and Procedure* § 3827 (4th ed.).

G4S argues that transfer is futile as the transferee court in Virginia, under Fourth Circuit law, will simply enforce the forum-selection clause and transfer the case back to the District of Nebraska. The court in *Howmedica* noted the potential for such a scenario resulting from a "strict" interpretation of *Atlantic Marine*. *Howmedica*, 2017 WL 1136671, at *5 & n.6. This Court recognizes that the U.S. District Court for the Western District of Virginia may conduct an analysis under 28 U.S.C. § 1404(a), and, in light of the litigation between the parties currently pending in that court, will be in a better position to determine whether a further transfer of the case is appropriate for the convenience of the parties and in the interest of justice.

IT IS ORDERED:

The Motion to Dismiss, ECF No. 6, is granted in part, as follows: The above-captioned action is hereby transferred to the United States District Court for the Western District of Virginia.

Dated this 10th day of October, 2017.

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge

7