# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| WCC CABLE, INC., A Virginia Corporation;<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>G4S TECHNOLOGY LLC, A Delaware limited liability company; and LIBERTY MUTUAL INSURANCE COMPANY,<br><br>　　　　Defendants. | 8:17CV483<br><br>MEMORANDUM AND ORDER |
| G4S TECHNOLOGY LLC, A Delaware limited liability company;<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>WCC CABLE, INC., A Virginia Corporation; and IRONSHORE INDEMNITY, INC., a Minnesota corporation,<br><br>　　　　Defendants. | 8:17CV182 |

This matter is before the Court on the Motion to Dismiss Count VI, ECF No. 74, filed by Defendant Liberty Mutual Insurance Company. For the reasons stated below, the motion will be granted.

## BACKGROUND

The following facts are those alleged in the Complaint, ECF No. 1, and assumed true for purposes of the pending Motion to Dismiss.

In December of 2013, Defendant[1] G4S Technology Inc. entered into a contract (Prime Contract) with the Virginia Depart of Transportation (VDOT) for the design and construction of a traffic and safety management system for portions of Interstate 64 in Virginia (Project). Complaint ¶ 7, ECF No. 1 in 17cv483, Page ID 3. The Prime Contract required G4S to meet certain interim deadlines and a final completion deadline by July 6, 2015. *Id.* ¶ 8.

Nine months later, G4S subcontracted (Subcontract) with Plaintiff WCC Cable, Inc., for a portion of the Project's construction work, which included installing cable, conduit, and pullboxes for certain areas of the Project, with all materials to be provided to WCC by G4S. *Id.* ¶ 9. In November 2013, G4S, as principal, and Liberty Mutual, as surety, executed Payment Bond No. 024051952 (Bond) in the amount of $4,599,262.00 for the benefit of VDOT and all parties providing labor and materials to the Project. *Id.* ¶ 10. The total obligation of the Bond was guaranteed, jointly and severally, by G4S and Liberty. *Id.* ¶ 11.

G4S instructed WCC to proceed with the work of the Subcontract beginning on or about September 15, 2014. *Id.* ¶ 12. At the time WCC was instructed to proceed, there were 294 calendar days remaining before G4S's Prime Contract deadline. *Id.* ¶ 13, Page ID 4. WCC alleges this was an insufficient amount of to complete its work., *id.* ¶ 14, and that adverse weather and G4S's failure to supply appropriate material and coordination limited WCC's ability to work, *id.* ¶ 15.

Due to these challenges, WCC alleges that all parties agreed and understood that the completion date under the Subcontract would be waived, and that the initial

---

[1] The parties in this order are labeled according to their posture in the designated lead case, 17-cv-483.

completion date came and went without G4S attempting to establish a new completion date. *Id.* ¶ 22, Page ID 5. On August 10, 2015, G4S provided WCC with a schedule showing a revised completion date of September 11, 2015, for the Subcontract. *Id.* ¶ 25, Page ID 6. On August 12, 2015, notwithstanding G4S's alleged waiver of the initial completion date, G4S sent WCC a "Notice to Cure." *Id.* ¶ 26. WCC alleges that following receipt of the letter, G4S specifically directed WCC's work means and methods. *Id.* ¶ 27.

On September 25, 2015, G4S sent WCC a "Notice of Default and Bond Claim" on the grounds that WCC had not met the initial completion date. *Id.* ¶ 28. WCC objected to the Notice of Default, and continued to work at the Project as directed by G4S. *Id.* ¶ 29. G4S issued two subsequent notices to cure, the first on January 13, 2016, which listed items it deemed incomplete, *id.* ¶ 30, Page ID 7, and the second on January 26, 2016, which claimed that WCC failed to respond to the corrective action demanded in the prior notice, *id.* ¶ 33. WCC objected to both notices and continued to work on the Project under G4S's direction. *Id.* ¶ 34.

WCC alleges that at the time of issuing of the notice, G4S was substantially in breach of the Subcontract. *Id.* ¶ 35. G4S has withheld amounts owed to WCC since November 2015. *Id.* ¶ 36, Page ID 8. G4S has paid WCC only $349,074.31 of the total $933,734.02 billed and owed, leaving an outstanding balance due to WCC of $584,659.71. *Id.* ¶ 38.

In late September of 2016, WCC provided notice to Liberty Mutual of G4S's lack of payment and submitted its claim for payment of the Outstanding Balance under the Bond. *Id.* ¶ 41. By letter dated September 28, 2016, Liberty Mutual acknowledged

3

WCC's claim and requested additional documentation regarding the claim, *id.* ¶ 42, which WCC provided on November 14, 2016, *id.* ¶ 43, Page ID 9. Liberty Mutual denied WCC's claim on April 19, 2017. *Id.* ¶ 44. WCC alleged that the justifications set forth in Liberty Mutual's letter of denial were factually inaccurate, *id.* ¶ 45, and that Liberty Mutual "did not and has not adequately and in good faith investigated or responded to WCC's notice of claim, *id.* ¶ 46.

WCC filed this action on May 25, 2017, alleging Breaches of Contract against G4S (Counts I and II); Breach of Implied Obligations against G4S (Count III); Unjust Enrichment against G4S and Liberty Mutual (Count IV); Breach of Payment Bond against G4S and Liberty Mutual (Count V); and "Common Law Bad Faith and Breach of Duty of Good Faith and Fair Dealing" against Liberty Mutual (Count VI).

Regarding Count V, WCC alleged that Liberty Mutual "engaged in bad faith, including, but not limited to: (a) requesting information from WCC without the intent to act on such information; (b) failing to identify a reasonable basis for denial of indemnity to WCC; and (c) failing to promptly and fairly indemnify WCC for all covered losses under the Payment Bond." As to Count VI, WCC alleged that Liberty Mutual:

> "engaged in bad faith, including, but not limited to: (a) failing to adopt and implement reasonable standards for the prompt and thorough investigation and processing of claims; (b) failing to promptly and fairly indemnify WCC for all covered losses under the Bond; (c) failing to conduct a reasonable investigation before denying WCC's claim; and (d) failing to promptly identify a reasonable basis for denial of indemnity to WCC."

*Id.* ¶ 92, Page ID 15.

## STANDARD OF REVIEW

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To satisfy this requirement, a

4

plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Corrado v. Life Inv'rs Ins. Co. of Am.*, 804 F.3d 915, 917 (8th Cir. 2015) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Zink v. Lombardi*, 783 F.3d 1089, 1098 (8th Cir. 2015) (quoting *Iqbal*, 556 U.S. at 678), *cert. denied*, 135 S. Ct. 2941 (2015). The complaint's factual allegations must be "sufficient to 'raise a right to relief above the speculative level.'" *McDonough v. Anoka Cty.*, 799 F.3d 931, 946 (8th Cir. 2015) (quoting *Twombly*, 550 U.S. at 555). The Court must accept factual allegations as true, but it is not required to accept any "legal conclusion couched as a factual allegation." *Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 373 (8th Cir. 2016) (quoting *Iqbal*, 556 U.S. at 678). Thus, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ash v. Anderson Merchandisers, LLC*, 799 F.3d 957, 960 (8th Cir. 2015) (quoting *Iqbal*, 556 U.S. at 678), *cert. denied*, 136 S. Ct. 804 (2016).

On a motion to dismiss, courts must rule "on the assumption that all the allegations in the complaint are true," and "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" *Twombly*, 550 U.S. at 555 & 556 (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). "Determining whether a complaint

5

states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Mickelson v. Cty. of Ramsey*, 823 F.3d 918, 923 (8th Cir. 2016) (alternation in original) (quoting *Iqbal*, 556 U.S. at 679).

**DISCUSSION**

Liberty Mutual moves for dismissal of Count VI of WCC's complaint. Liberty Mutual primarily argues the claim should be dismissed because Virginia law[2] does not recognize the breach of the duty of good faith and fair dealing as an independent cause of action.

Virginia law recognizes that "every contract carries an implied covenant of good faith and fair dealing." *Rogers v. Deane*, 992 F. Supp. 2d 621, 633 (E.D. Va. 2014), (citing *Eplus Tech. Inc. v. Nat'l R.R. Passenger Corp.*, 407 F.Supp.2d 758, 762 (E.D. Va. 2005)) *aff'd*, 594 F. App'x 768 (4th Cir. 2014). Because of this, "[a] claim for the breach of that covenant is a claim for breach of contract," *id.* (citing *Eplus Tech.*, 407 F.Supp.2d at 762; *Want v. St. Martin's Press LLC*, No. 1:12–cv–908, 2012 WL 5398887, at *4 (E.D. Va. Nov. 1, 2012)), and "[w]here there is a claim for breach of contract, the inclusion of a claim for breach of the implied covenant of good faith and fair dealing as a separate claim is duplicative of the breach of contract claim [and] does not provide an independent cause of action," *id.* (citing *Joyce v. Lincoln Nat'l Life Ins. Co.*, 845 F .Supp. 353, 355 (E.D. Va.1993)). *See Middle E. Broad. Networks, Inc. v. MBI Glob., LLC*, No. 1:14-CV-01207-GBL, 2015 WL 4571178, at *5 (E.D. Va. July 28, 2015) ("Virginia law does not recognize an independent cause of action for this claim"); *Luther v. Wells Fargo Bank, N.A.*, No. 4:13-CV-00072, 2014 WL 6451667, at *5 (W.D. Va. Nov. 17,

---

[2] WCC and Liberty Mutual agree that Virginia law governs this issue.

2014) (citing *Rogers*, 992 F.Supp.2d at 633) ("[A] claim for breach of [the covenant of good faith and fair dealing] is not an independent cause of action; it is a claim for breach of contract."), *aff'd*, 623 F. App'x 608 (4th Cir. 2015); *Albayero v. Wells Fargo Bank, N.A.*, No. 3:11CV201-HEH, 2011 WL 4748341, at *6 (E.D. Va. Oct. 5, 2011) (quoting *Frank Brunckhorst Co., L.L.C. v. Coastal Atl., Inc.*, 542 F. Supp.2d 452, 462 (E.D. Va. 2008)) ("Under Virginia law, every contract contains an implied covenant of good faith and fair dealing; however, a breach of those duties only gives rise to a breach of contract claim, not a separate cause of action."); *Healy v. Chesapeake Appalachia, LLC*, No. 1:10CV00023, 2011 WL 24261, at *14 (W.D. Va. Jan. 5, 2011) ("Virginia law does not recognize a separate cause of action for breach of implied duties arising out of a written contract.").

Despite this weight of authority, WCC argues that "[n]umerous Virginia and federal courts have recognized a cause of action for breach of the implied duty of good faith and fair dealing in common law contracts." ECF No. 77 in 17cv483, Page ID 1039–40 (citing *Wolf v. Fannie Mae*, 512 F. App'x 336, 345 (4th Cir. 2013) ("In Virginia, every contract contains an implied covenant of good faith and fair dealing"); *Stoney Glen, LLC v. S. Bank & Tr. Co.*, 944 F. Supp. 2d 460, 465 (E.D. Va. 2013); *Bourdelais v. JPMorgan Chase Bank, N.A.*, Civil Action No. 3:10CV670, 2012 U.S. Dist. LEXIS 158508, at *13 (E.D. Va. Nov. 5, 2012)). WCC also states that "Count V seeks redress for the defendants' failure to pay amounts due to WCC in accordance with the parties' contractual relationship per the terms of the bond, whereas Count VI seeks redress for Liberty Mutual's exercise of its discretion in bad faith." ECF No. 77 in 17cv483, Page ID 1041–42.

WCC primarily relies on *Enomoto v. Space Adventures, Ltd.*, 624 F. Supp. 2d 443 (E.D. Va. 2009). Although the court in *Enomoto* allowed a stand-alone claim for breach of the duty of good faith to proceed alongside a breach of contract claim, the court noted that the good faith claim was "properly pled because Plaintiff [did] not seek redress through an implied covenant claim merely for Defendant's unfavorable exercise of its explicit contractual rights. Plaintiff allege[d] that Defendant's actions were not merely unfavorable, but actually dishonest." *Id.* at 450.

Even if allegations of dishonesty create an exception to the prohibition of free-standing good faith claims, WCC has not alleged any such conduct. The Court finds that under Virginia law, Claim VI is duplicative of Claim V and will be dismissed. Accordingly,

IT IS ORDERD:

1. The Motion to Dismiss Count VI, ECF No. 74, filed by Defendant Liberty Mutual Insurance Company, is granted;

2. Count VI of the Complaint, ECF No. 1, is dismissed, with prejudice.

Dated this 27th day of April, 2018.

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge